**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **PAUL G. LYONS D/B/A LYONS** | § | |
| **REAL ESTATE INVESTMENTS** | § | |
| | § | |
|    **Plaintiff,** | § | |
| | § | **CIVIL ACTION** |
| **VS.** | § | **NO. _____** |
| | § | |
| **UNITED STATES LIABILITY** | § | |
| **INSURANCE COMPANY AND** | § | |
| **JEFFREY HUMPHREYS** | § | |
| | § | |
|    **Defendants.** | § | |

**DEFENDANT UNITED STATES LIABILITY INSURANCE COMPANY'S**
**NOTICE OF REMOVAL**

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. Sections 1441 and 1446, Defendant United States Liability Insurance Company ("USLIC") in Cause No. 096-294394-17, pending in the 96th District Court of Tarrant, County, Texas, files this Notice of Removal from that court to the United States District Court for the Northern District of Texas, Fort Worth Division because federal diversity jurisdiction exists between the proper parties. In support of this Notice of Removal, USLIC shows as follows:

**I.**
**FACTUAL BACKGROUND**

1.1    On August 31, 2017, Plaintiff, Paul G. Lyons d/b/a Lyons Real Estate Investments ("Plaintiff") filed its Original Petition in the matter styled *Paul G. Lyons d/b/a Lyons Real Estate Investments v. United States Liability Insurance Company and Jeffrey Humphreys*, Cause No. 096-294394-17, in the 96th District Court of Tarrant County, Texas. *Original Petition* attached as Exhibit 2A.

1.2     Plaintiff served the registered agent for USLIC with the citation and Plaintiff's Original Petition via certified mail on September 13, 2017.  As of the date of this Notice, Jeffery Humphreys has not been served.

1.3     Defendant USLIC, files this Notice of Removal within the thirty-day time period required by 28 U. S. C. Section 1446(b).   In addition, this Notice of Removal is being filed within one year of the commencement of this action.

1.4     All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. §1446(a).  A copy of this Notice is also concurrently being filed with the state court and served upon the Plaintiff.

1.5     As required by 28 U.S.C. § 1446(a) and LR 81.1 of the Northern District of Texas Local Rules, attached hereto as Exhibit "1" is the Index of State Court Documents.  A copy of the Tarrant County Clerk's file for this case is attached as Exhibit "2A, 2B, 2C, and 2D", which includes true and correct copies of all executed process, pleadings and orders, and a copy of the docket sheet, attached as Exhibit "2."

## II.
## BASIS FOR REMOVAL

2.1     Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

### A.     THE CORRECT PARTIES ARE OF DIVERSE CITIZENSHIP

2.2     As plead in its Original Petition, Plaintiff is, and was at the time the lawsuit was filed, a resident of the State of Texas.  *See Plaintiff's Original Petition* [Ex. 2A] at p. 2; ¶2.

2.3     United States Liability Insurance Company, is a corporation with its principal place of business in Pennsylvania, and is a citizen of the State of Pennsylvania for diversity purposes.

Accordingly, USLIC is of diverse citizenship to Plaintiff, Plaintiff Paul G. Lyons d/b/a Lyons Real Estate Investments.

2.4     Although Defendant Jeffrey Humphreys ("Humphreys") is, and was at the time the lawsuit was filed, a citizen of the State of Texas, it is USLIC's position that Humphreys has been improperly, or fraudulently, joined in this action solely to defeat diversity subject matter jurisdiction.   Therefore, as explained below, the Texas citizenship of Humphreys should be disregarded for the purposes of evaluating diversity in this matter.

### B.     HUMPHREYS WAS IMPROPERLY JOINED AND SHOULD BE DISMISSED

2.5     Plaintiff's decision to sue Humphreys in this matter is an abusive tactic aimed solely at manipulating the forum and depriving USLIC of its Constitutionally-created right to have this dispute adjudicated in federal court. The undisputable facts show that Humphreys timely inspected Plaintiff's property at USLIC's direction, that he provided an estimate of the damages he observed to USLIC, and that he had no role in determining coverage under the insurance policy or communicating USLIC's coverage position to Plaintiff. Plaintiff alleged disagreement with the amount of Humphreys' estimate does not give a rise to a viable claim against Humphreys under the Insurance Code or any other statute, and Plaintiff has not plead facts that could demonstrate any reasonable basis for recovery against Humphreys. Accordingly, Humphreys has been improperly joined and the Court should disregard his Texas citizenship, maintain jurisdiction over this matter, and dismiss Humphreys from this suit.

### 1.     Applicable Standard for Improper Joinder

2.5     The doctrine of improper joinder ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity.

*See Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). The removing party bears the burden of demonstrating improper joinder. *See id.* (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir.1999)).

2.6     The Fifth Circuit has explained that a removing party can establish improper joinder by demonstrating either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir.2004) (en banc).  Under the second prong, the test for improper joinder is whether the defendant has demonstrated that "there is no reasonable basis for the district court to predict that the plaintiff might be able to *recover* against an in-state defendant." *Id.* at 573 (emphasis added).  The Fifth Circuit's *en banc* decision in *Smallwood* unequivocally adopted this phrasing as the test for fraudulent joinder. *Id.* ("To reduce possible confusion, we adopt this phrasing of the required proof *and reject all others*, whether the other appear to describe the same standard or not.") (emphasis added).

2.7     A court may resolve the issue of whether a plaintiff has a reasonable basis of recovery in one of two ways. *Id.* "'The court may [either] conduct a Rule 12(b)(6)-type analysis . . . [or], in its discretion, pierce the pleadings and conduct a summary inquiry.'" *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp.*, Ltd., No. 14-20552, 2016 WL 1274030, at *8 (5th Cir. Mar. 31, 2016) (quoting Smallwood, 385 F.3d at 573).

2.8     If a court chooses to apply the 12(b)(6) analysis, then it will initially look "at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573.  In *International Energy Ventures Management., L.L.C. v. United Energy Group.*, the Fifth Circuit confirmed that the court must

"apply the federal pleading standard embodied in that analysis," when evaluating whether Plaintiff's pleadings state a plausible claim under state law against the non-diverse defendant *Id.* at *8.

2.9     According to the federal pleading standard, "[a] complaint must have contained 'enough facts to state a claim to relief that is plausible on its face.''" *Id.* at *3 (quoting *Reece v. U.S. Bank Nat'l Ass'n*, 762 F.3d 422, 424 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (U.S. 2007). The Court need not credit naked conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 570. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). And "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235–236 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")). "When the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," then the claim has facial plausibility. *Iqbal*, 556 U.S. at 663.

2.10     Moreover, Texas federal district courts have consistently held that "[c]laims alleging violations of the Texas Insurance Code and the DTPA and those asserting fraud, fraudulent inducement, fraudulent concealment, and negligent misrepresentation are subject to the requirements of Rule 9(b)," of the Federal Rules of Civil Procedure. *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998) (applying Rule 9(b) "to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically

termed fraud."); *Bige, Inc. v. Penn-Am. Ins. Co.*, No. 1-15-CV-292 RP, 2015 WL 5227726, at *4 (W.D. Tex. Sept. 8, 2015) ("Texas district courts, however, consistently apply Rule 9(b)'s requirements to claims under the Texas Insurance Code and DTPA."). Rule 9(b) imposes a heightened pleading standard, which requires that plaintiffs "state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b). "At a minimum, [this] requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *U.S. ex rel. Williams v. Bell Helicopter Textron Inc.*, 417 F.3d 450, 453 (5th Cir. 2005) (citing *United States ex. Rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)).

## 2. Plaintiff has no Factual or Legal Basis for Recovery against Humphreys

2.11    The facts in this case demonstrate that United States Liability Insurance Company ("USLIC") issued a Texas Commercial Policy number BP1560266D to Plaintiff Paul G. Lyons d/b/a Lyons Real Estate Investments, with effective dates from February 9, 2016 to February 9, 2017 ("policy").  The policy provides property insurance coverage, subject to policy terms and conditions, for the commercial property located at 5505-5529 West Rosedale Street, Fort Worth, Texas 76107 ("Premises 1") and commercial property located at 8325-8353 Camp Bowie Boulevard West, Fort Worth, Texas 76116 ("Premises 2").

2.12    Plaintiff, Paul G. Lyons, reported claims on both properties on March 18, 2017. In response, USLIC timely retained independent adjuster Jeffrey Humphreys of the NCA Group to inspect the two properties covered under the policy. Humphreys inspected the exterior of Premises 1 and Premises 2 on March 24, 2017, and took numerous photographs of the conditions he observed.  *See* Exhibit 6. Humphreys also prepared an estimate for the damages he observed and provided his estimate to USLIC. Humphreys, however, never made any representations to

Plaintiff as to what would be covered under the insurance policy and the facts demonstrate that Plaintiff's statement that Humphreys "made the executive decision to deny many of Plaintiff's covered damages" is false and not a "fact" as characterized in its Original Petition. *See Original Petition* [Ex. 2-A] at ¶14.

2.13    After Humphrey's provided his estimate to USLIC, USLIC issued payment to Plaintiff for the covered damages to both Premise 1 and Premise 2 in accordance with the loss payment provision of Plaintiff's policy. *See* Exhibit 10. Plaintiff, after receiving USLIC's payment, disputed the payment amount for Premises 1 and required a re-inspection. USLIC then contacted the NCA Group to re-inspect Premises 1 Building 1 Roof #2. Independent adjuster Douglas McKenzie ("McKenzie") was assigned to re-inspect Premises 1, because adjuster Jeffrey Humphreys was assigned to another location at that time. On May 9, 2016, McKenzie re-inspected Premises 1 Building 1 and took a number of photographs of the conditions he observed. *See* Exhibit 7. Based on a review of the conditions depicted in both Humphreys' March 24, 2016 inspection photos and McKenzie's May 9, 2016 re-inspection photos, USLIC determined that it would be necessary for an engineer to inspect the building in order for USLIC to complete its investigation of the claim.   USLIC made the decision to retain Robert Fleishmann, P.E. from Haag Engineering to further assess the loss and prepare a report of findings regarding the cause of observed damages to the building. *See* Exhibit 8. After receiving Robert Fleishmann's report, USLIC concluded its investigation and prepared its coverage determination on the claim. By letter dated July 19, 2016, USLIC timely provided a summary of the steps it had taken to investigate the loss and provided an explanation of the engineer's conclusions and the information on which USLIC had relied in making its coverage

determination.  *See* Exhibit 9.   USLIC also specifically identified the applicable policy exclusions and limitations which exclude coverage for wear and tear, deterioration, inadequate maintenance, and interior water damage not arising from an opening in the building caused by a covered cause of loss.  *Id.*  At no time did Humphreys discuss any coverage positions or policy provision with Plaintiff or Plaintiff's representatives.

> **3.      The Factual Allegations Contained in Plaintiff's Original Petition Provide No Reasonable Basis to Predict Plaintiff Could Recover Against Humphreys.**

2.13    Not only do the facts of this insurance claim, as briefly explained above, demonstrate that Humphreys did not make any representations about insurance coverage or policy language to Plaintiffs, but Plaintiffs' Original Petition also fails to articulate how the conduct of Humphreys constitutes a plausible cause of action against him.  *See McClelland v. Chubb Lloyd's Ins. Co. of Tex., et al.*, 2016 WL 5791206, at *3 (W.D. Tex. Sept. 30, 2016) ("Plaintiff has failed to allege, however, that defendant Pritchard had authority to settle plaintiffs' claim, and therefore cannot establish this cause of action against defendant Pritchard"). Plaintiff's generic allegations about the undifferentiated conduct of USLIC and Humphreys set forth in pages 8-9 and pages 11-12 of Plaintiff's Original Petition fail to provide any facts capable of stating a plausible claim against Humphreys under Federal pleading standards.  *See* Original Petition attached hereto as Exhibit 2A at pp. 8-9 & 11-12.

2.14    Plaintiff attempts to conflate USLIC's communications about its coverage decision with the conduct of Humphreys who merely photographed the conditions observed at the property and wrote an estimate. *See Original Petition* [Ex. 2-A] at ¶¶31-36. "[M]erely lumping diverse and non-diverse defendants together in undifferentiated liability averments of a

petition does not satisfy the requirement to state specific actionable conduct against the non-diverse defendant"). Accordingly, the Court should give no effect to Plaintiff's generic global allegations directed collectively toward both Defendants, and should conclude that such allegations fail to state an actionable claim with respect to Humphreys and do not support his joinder as a defendant in this case.

2.15   Furthermore, as explained by the court in *Plascencia*, the other allegations against Humphreys in the present matter are also insufficient because they are too conclusory to demonstrate a plausible right to relief.  Like the generic allegations against Humphreys set forth in Plaintiff's Original Petition in this lawsuit, the only specific allegations in against adjuster Feliciano Gallegos in *Plascencia* were as follows:

> Defendant Gallegos improperly adjusted the Plaintiff's claim. Defendant Gallegos conducted a substandard inspection, which is evidenced in his report, which failed to include many of Plaintiff's damages. His estimate did not allow adequate funds to cover repairs to restore Plaintiff's home. Without limitation, Gallegos misrepresented the cause of, scope of, and cost to repair the damage to Plaintiff's Property, as well as the amount of and insurance coverage for Plaintiff's claim/loss under Plaintiff's insurance policy. Gallegos made these and other misrepresentations to Plaintiff as well as to State Farm.  Plaintiff and State Farm both relied on Gallegos's misrepresentations, including but not limited those regarding the cause of, scope of, and cost to repair the damage to Plaintiff's Property, and Plaintiff has been damaged as a result of such reliance. Gallegos's misrepresentations caused State Farm to underpay Plaintiff on his insurance claim and, as such, Plaintiff has not been able to properly and completely repair the damages to Plaintiff's property. This has caused additional, further damage to Plaintiff's property.

*Id.* at p. 4.  Because the "factual" allegations against Humphreys equally vague and conclusory, the Court should also conclude that Humphreys was improperly joined because Plaintiff's allegations against him fail to establish a plausible right to recover against him.  *Id*; *see also Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, No. 4:09-cv-165-A, 2009 WL 1437837 at *4 (N.D. Tex. May 22, 2009) (finding factual allegations against an individual adjuster were

insufficient); *Jones v. Allstate Ins. Co.*, No. 3:13-cv-4027-BN, 2014 WL 415951 (N.D. Tex. Feb. 4, 2014) (finding improper joinder because "simply stating that 'Defendants' made misrepresentations, failed to comply with the law, or refused to perform a duty under the law is not sufficient"); *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 2014 WL 1347872 (N.D. Tex. Apr. 7, 2014) (allegations of misrepresentations about the facts giving rise to a claim were not sufficient to state claim for violations of the Texas Insurance Code).

2.16    Plaintiff's allegations against Humphreys for violations of Chapter 541 of the Texas Insurance Code also fail to demonstrate a reasonable basis to recover against him because Plaintiff fails to specify what the alleged misrepresentations were and further fails to allege that Humphreys' alleged misrepresentations related to the "coverage at issue" or the details of Plaintiff's insurance policy with USLIC.  As explained by Judge Sidney Fitzwater of the United States District Court for the Northern District of Texas in *One Way Investments, Inc. v. Century Surety Company, et al.*, 2014 WL 6991277 (N.D. Tex., 2014), the type of allegations alleged against Humphreys, all of which must relate to his inspection (since that is all Humphreys did), are not actionable under the Texas Insurance Code because they do not relate to misrepresentations about coverage provided by the terms of the policy.

2.17    Like this case, *One Way* involved a dispute over wind and hail damage to One Way's property.  *Id.* at *1.  Like the present matter, Century Surety Company, as One Way's commercial property insurer, assigned VeriClaim as the independent adjusting company to inspect the property and VeriClaim assigned Mattoni as the field adjuster.  *Id.* After a dispute arose over the scope of damages, One Way, filed suit against Century, VeriClaim, and Mattoni

claiming the defendants misrepresented the damage to the property and committed various violations of the Texas Insurance Code. *Id.* at *2.

2.18    As Plaintiff has alleged with respect to Humphreys in this case, *One Way* alleged that the non-diverse independent adjuster Mattoni failed to conduct a reasonable investigation and substantially underestimated and underscoped the damages. *Id.* at p. 7. The court considered whether such allegations could support a claim under the sections of the Texas Insurance Code identified in One Way's state court petition and concluded they could not.

2.19    The conclusions reached by the courts in *One Way* and *Plascencia* are not isolated holdings. Rather, there is a significant body of authority from other federal courts in Texas also finding improper joinder of adjusters where the factual allegations against them fail to fit the criteria for an actionable claim under the Texas Insurance Code. *See, e.g., See McClelland v. Chubb Lloyd's Ins. Co. of Tex., et al.*, 2016 WL 5791206, at *3 (W.D. Tex. Sept. 30, 2016) (denying motion to remand and granting independent adjuster's motion to dismiss based on improper joinder); *Slabaugh v. Allstate Insurance Company*, No. 4:15-cv-115, 2015 WL 4046250 (E.D. Tex. June 30, 2015) (holding that while "it is undisputed that [the adjuster] inspected the property and provided an estimation of damages, there are no allegations that [the adjuster] misrepresented the coverage in any way or that Plaintiff relied on any misrepresentations to her detriment."); *Davis v. Allstate Ins. Co. of Texas*, No. 4:14-cv-957-A, 2015 WL 456726 (N.D. Tex. Feb. 3, 2015); *Rodriguez v. Allstate Ins. Co. of Texas*; No. 5:15-cv-143-C, in the United States District Court for the Northern District of Texas, Lubbock Division; *Dalton v. State Farm Lloyds*, No. H-12-3004, 2013 WL 3157532, at *19 (S.D. Tex. June 19, 2013); *First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co*., No. 1:07-CV-988,

2008 WL 4533729 at *6 (E.D. Tex. Sept. 29, 2008); *Broadway v. Brewer*, No. 4:08-cv-475, 2009 WL 1445449 at *3 (E.D. Tex. May 21, 2009); *Okenkpu v. Allstate Tex. Lloyds*, No. H-11-2376, 2012 WL 1038678 (S.D. Tex. Mar. 27, 2012; *Nasti v. State Farm Lloyds*, No. 4:13-cv-1413, 2014 WL 710458 (S.D. Tex. Feb. 19, 2014) (where petition alleged that adjuster inspected subject property and submitted an undervalued estimate to insurer "the adjuster's actions are indistinguishable from the insurer's actions and hence are insufficient to support a claim against the adjuster"); *Van Tassel v. State Farm Lloyds*, No. 4:12-cv-3711, 2013 WL 5152324 (S.D. Tex. Sept. 11, 2013) (allegations that an inspector conducted a substandard investigation that led to an underpayment of claims found to be indistinguishable from claims against the insurer).

2.20    These courts have consistently found improper joinder where, as here, the allegations against the adjuster only related to independent adjuster's determination of the scope of damage, not the application of insurance coverage. *See, e.g., Dalton*, 2013 WL 3157532, at *19. Accordingly, because Plaintiff's claims against Humphreys in this suit are nearly identical to the generic and conclusory claims in the authorities referenced above, and because the allegations simply cannot withstand scrutiny under applicable Federal pleading standards, the Court should conclude, as other courts have done in virtually identical circumstances before, that Humphreys has been improperly joined.

2.21    Furthermore, Texas federal district courts have also consistently held that "[c]laims alleging violations of the Texas Insurance Code and the DTPA and those asserting fraud, fraudulent inducement, fraudulent concealment, and negligent misrepresentation are subject to the requirements of [Federal Rule] Rule 9(b)." *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998) (applying Rule 9(b) "to all cases where the gravamen of

the claim is fraud even though the theory supporting the claim is not technically termed fraud."); *see also Weidner v. Nationwide Prop. & Cas. Ins. Co.*, No. 4:13-CV-263, 2014 WL 8397281, at *5 (E.D. Tex. June 6, 2014) adopted in 2014 WL 8494527 (E.D. Tex. Aug. 19, 2014); *Atl. Cas. Ins. Co. v. Primelending, A Plainscapital Co.*, No. 3:15-CV-1475-D, 2016 WL 1322235, at *2 (N.D. Tex. Apr. 5, 2016); *Bige, Inc. v. Penn-Am. Ins. Co.*, No. 1-15-CV-292 RP, 2015 WL 5227726, at *4 (W.D. Tex. Sept. 8, 2015) ("Texas district courts, however, consistently apply Rule 9(b)'s requirements to claims under the Texas Insurance Code and DTPA."). Rule 9(b) of the Federal Rules of Civil Procedure imposes a heightened pleading standard, which requires that plaintiffs "state with particularity the circumstances constituting fraud . . . ." FED. R. CIV. P. 9(b). "At a minimum, [this] requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *U.S. ex rel. Williams v. Bell Helicopter Textron Inc.*, 417 F.3d 450, 453 (5th Cir. 2005) (citing *United States ex. Rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)). "The court's key concern in assessing a complaint under Rule 9(b) is to determine whether the plaintiff seeks to redress specific wrongs or whether the plaintiff instead seeks the opportunity to search out actionable wrongs." *Atl. Cas. Ins. Co. v. Primelending, A Plainscapital Co.*, No. 3:15-CV-1475-D, 2016 WL 1322235, at *3 (N.D. Tex. Apr. 5, 2016).

2.22    Here, Plaintiff alleges that Humphreys "knowingly" engaged in a laundry list of unfair claims settlement practices under the Insurance Code.[1]  *Original Petition* [Ex. 2A] at Pages 13.  Plaintiff does not specify what alleged knowing and intentional representations were

---

[1] Under Texas law, a defendant commits a knowing violation of the Insurance Code when, at the time of the act or practice complained of, he acts with actual awareness of the falsity, deception, or unfairness of the act or practice. *See Brown and Brown v. Omni Metals, Inc.*, 317 S.W.3d 361, 395 (Tex. App.-Houston [1st Dist.] 2010, pet. Denied.

made, when the representations were made, where the representations were made, and in what context they were made, or to whom they were made. Plaintiff's petition fails to state when, where, who, and how Humphreys knowingly violated the Texas Insurance Code. Thus, Plaintiff does not specify any of the particulars that Rule 9(b) requires.

2.23    For these reasons, it is clear that Humphreys has been improperly joined for the sole purpose of preventing the exercise of diversity jurisdiction over this case. Therefore, the court should disregard Humphreys' Texas citizenship and find that there is diversity of citizenship between the proper parties.

### C.    THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL REQUIREMENTS FOR SUBJECT MATTER JURISDICTION.

2.23    The amount in controversy requirement for Federal diversity jurisdiction is clearly satisfied in this case as evidenced by Plaintiff's *Original Petition* in which Plaintiff expressly alleges that it "seeks monetary relief over $100,000 but no more than $200.000.," including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees." *See Original Petition* [Ex. 2A] at PRAYER, pp. 15 & 16. This amount clearly exceeds the jurisdictional requirements for subject matter jurisdiction, and demonstrates that the amount in controversy requirement is satisfied.

### III.
### THE REMOVAL IS PROCEDURALLY CORRECT

3.1    Defendant USLIC was served with Plaintiff's *Original Petition* and process on September 13, 2017. Defendant Humphreys was served on or about September 13, 2017. USLIC files this notice of removal within the 30-day time period required by 28 U.S.C. § 1446(b).

3.2     Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

3.3     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

3.4     Pursuant to 28 U.S.C. §1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

3.5     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Tarrant County District Clerk, promptly after Defendant files this Notice.

## IV.
## DOCUMENTS AND EXHIBITS ACCOMPANYING REMOVAL

4.1     Simultaneously with the filing of this Notice of Removal, attached hereto as Exhibit "1" is an index of all documents filed in the state court action and a copy of each document.

4.2     Attached hereto as Exhibit "2" is copy of the Docket Sheet of the case pending in the 348th Judicial District Court of Tarrant County, Texas.

4.2A    Attached hereto as Exhibit "2A" is a copy of Plaintiff's Original Petition.

4.2B    Attached hereto as Exhibit "2B" is a copy of Thomas A. Wilder, District Clerk Tarrant County Service Request Form for issuance of 2 citations.

4.2C    Attached hereto as Exhibit "2C" is a copy of the Officer's Return with Citation and Certified Mail Receipt for United States Liability Insurance Company signed by J. Daniel on September 13, 2017.

4.2D    Attached hereto as Exhibit "2D" is a copy of Defendant United States Liability Insurance Company's Original Answer to Plaintiff's Original Petition.

4.3    Attached hereto as Exhibit "3" is a copy of the Memorandum Opinion and Order in case styled *Jose Plascencia v. State Farm Lloyds and Feliciano Gallegos*.

4.4    Attached hereto as Exhibit "4" is a copy of the Memorandum Opinion and Order in case styled *One Way Investment, Inc. v. Century Surety Company, et al.*

4.5    Attached hereto as Exhibit "5" is Jeffrey Humphreys' Consent to Removal.

4.6    Attached hereto as Exhibit "6" is Jeffery Humphreys' inspection photographs.

4.7    Attached hereto as Exhibit "7" is Douglas McKenzie's inspection photographs.

4.8    Attached hereto as Exhibit "8" is Haag inspection report and photographs.

4.9    Attached hereto as Exhibit "9" is July 19, 2016, USLIC coverage letter to Plaintiff.

## V.
## CONCLUSION

5.1    Based upon the foregoing, and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant, improperly named United States Liability Insurance Group hereby removes this case to this court for trial and determination.

Respectfully submitted,

*/s/Daniel P. Buechler*
Daniel P. Buechler
State Bar No. 24047756
Roy Mathews
State Bar No. 24083459

THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas  75201
Telephone:  (214) 871-8200
Facsimile:  (214) 871-8209
Email:  dbuechler@thompsoncoe.com
Email:  rmathews@thompsoncoe.com

**ATTORNEY FOR DEFENDANT
UNITED STATES LIABILITY
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2017 I served the following document on counsel for Plaintiff via electronic notice and/or certified mail, return receipt requested:

David M. Anderson
Stephen P. Carrigan
CARRIGAN & ANDERSON, PLLC
101 N. Shoreline Blvd., Suite 420
Corpus Christi, Texas 78401
        *Attorney for Plaintiff*

*/s/Daniel P. Buechler*
Daniel P. Buechler