

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**

7015 0640 0002 0985 3394

Tarrant County
Thomas A. Wilder District Clerk
Civil Division
100 N. Calhoun St., 2nd Floor
Fort Worth, TX 76196-0402

DOCUMENT PRODUCTION

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

U.S POSTAGE ⫸ PITNEY BOWES

ZIP 76196
02 1W          $ 007.71
0001390103 SEP 07 2017

RECEIVED

SEP 1 3 2017

BMH

UNITED STATES LIBILITY INSURANCE COMPANY
B/S REG AGENT-LISA MANN
4500 YOAKUM BLVD
HOUSTON TX 77006

096-294394-17 DP/LL/CM

EXHIBIT 2A

SERVICE COPY

# THE STATE OF TEXAS
## DISTRICT COURT, TARRANT COUNTY

*CITATION*                              *Cause No. 096-294394-17*

PAUL G. LYONS

VS.

UNITED STATES LIABILITY INSURANCE COMPANY, ET AL

TO: UNITED STATES LIABILITY INSURANCE COMPANY

B/S REG AGENT-LISA MANN 4500 YOAKUM BLVD HOUSTON, TX 77006-

You said DEFENDANTS are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof before the 96th District Court in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas said PLAINTIFF being

PAUL G LYONS, D/B/A LYONS REAL ESTATE INVESTMENTS

Filed in said Court on August 31st, 2017 Against
UNITED STATES LIABILITY INSURANCE COMPANY, JEFFREY HUMPHREYS

For suit, said suit being numbered 096-294394-17 the nature of which demand is as shown on said PLAINTIFF'S ORIGINAL PETITION  a copy of which accompanies this citation.

DAVID M ANDERSON
Attorney for PAUL G LYONS Phone No. (361)884-4433
Address      101 N SHORELINE BLVD STE 420 CORPUS CHRISTI, TX 78401

_____ Thomas A. Wilder _____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal of said Court, at office in the City of Fort Worth, this the 6th day of September, 2017.

By _____
LISA LETBETTER

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

## OFFICER'S RETURN *09629439417000017*

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at _____ within the county of _____ , State of _____ at _____ o'clock ___M on the _____ day of _____, _____ by mailing to the within named _____

a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION  having first endorsed on same the date of delivery.

_____
Deputy/Constable/Sheriff: _____
County of _____ State of _____ By _____ Deputy
Fees $_____  _____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)
_____
County of _____, State of _____

EXHIBIT 2A

Cause No. 096-294394-17

PAUL G. LYONS

VS.

UNITED STATES LIABILITY
INSURANCE COMPANY, ET AL

ISSUED

This 6th day of September, 2017

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By        LISA LETBETTER Deputy

---

DAVID M ANDERSON
Attorney for: PAUL G LYONS
Phone No. (361)884-4433
ADDRESS: 101 N SHORELINE BLVD STE 420

CORPUS CHRISTI, TX 78401

*CIVIL LAW*



*09629439417000017*

SERVICE COPY

EXHIBIT 2A

096-294394-17

FILED
TARRANT COUNTY
8/31/2017 2:41 PM
THOMAS A. WILDER
DISTRICT CLERK

## CAUSE NO._____

| | | |
|---|---|---|
| PAUL G. LYONS D/B/A LYONS REAL ESTATE INVESTMENTS Plaintiff, | § § § § | IN THE DISTRICT COURT OF |
| v. | § § | TARRANT COUNTY, TEXAS |
| UNITED STATES LIABILITY INSURANCE COMPANY & JEFFREY HUMPHREYS Defendants. | § § § § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Paul G Lyons D/B/A Lyons Real Estate Investments ("Plaintiff"), and files this *Plaintiff's Original Petition*, complaining of United States Liability Insurance Company ("USLI"), and Jeffrey Humphreys ("Humphreys"), (collectively referred to as "Defendants"), and for cause of action, Plaintiffs would respectfully show their Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.    Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

EXHIBIT 2A

## PARTIES

2.  Plaintiff is a domestic entity with its principal place of business in Tarrant County, Texas.

3.  Defendant USLI is a foreign insurance company engaging in the business of insurance in the State of Texas. This defendant may be served by certified mail, return receipt requested by the Clerk of the Court, by serving its designated attorney for service of process, Lisa Mann, 4500 Yoakum Blvd., Houston, Texas 77006.

4.  Defendant Humphreys is an individual residing in and domiciled in the State of Texas. This defendant may be served with personal process by a process server at his place of residence at 1646 Ranger Hwy, Weatherford, TX. 76088.

## JURISDICTION

5.  The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.

6.  The Court has jurisdiction over Defendant USLI because the defendant is an insurance company that engages in the business of insurance in the State of Texas, maintains direct contacts with the state of Texas and Plaintiffs' causes of action arise out of the defendant's business activities in the State of Texas.

7.  The Court has jurisdiction over Defendant Humphreys because the defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of the defendant's business activities in the State of Texas.

EXHIBIT 2A

## VENUE

8.   Venue is proper in Tarrant, Texas, because the insured property is situated in Tarrant County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

9.   Plaintiff is the owner of a Texas Commercial Insurance Policy number BP 1560266D (hereinafter referred to as "the Policy"), which was issued by USLI.

10.   Plaintiffs own the insured properties, which are specifically located at 8325-8353 Camp Bowie Boulevard West, Fort Worth, TX 76116 and 5505-5529 West Rosedale Street, Ft. Worth, TX 76107, in Tarrant County (hereinafter referred to as "the Property").

11.   USLI sold the Policy insuring the Property to Plaintiffs.

12.   On or about March 17, 2016, a massive hail/wind storm struck Tarrant County, Texas, causing significant damage to many homes and businesses throughout the region, including Plaintiffs' property.   Plaintiffs' roof sustained extensive damage during the hail/wind storm. Plaintiffs asked that USLI cover the cost of repairs to the Property pursuant to the Policy.

13.   The claim number assigned by USLI is K099241.

14.   Defendant USLI assigned Defendant Humphreys as the individual adjuster on Plaintiffs' claim. Defendant Humphreys was improperly trained and failed to perform a reasonable or adequate inspection of Plaintiffs' damages. During the course of his inspection, Humphreys made the executive decision to deny many of Plaintiffs' covered damages.  This is evidenced by his March 24, 2016

EXHIBIT 2A

estimate sent to Plaintiffs, in which he severely undervalued and under-scoped the damage to Plaintiffs roofs. This decision was Humphrey's decision and the failure to include a full replacement was a decision made by Humphrey. Defendant USLI agreed with and adopted Defendant Humphreys' undervalued and erroneous evaluation of Plaintiffs' damages as its own and ultimately denied payment to Plaintiffs based on that evaluation.

15. As a result of the unreasonable investigation conducted by Humphrey of Plaintiffs' claim (including not providing full coverage for the damages sustained by Plaintiffs and under-scoping the damages during its investigation, thus denying adequate and sufficient payment to Plaintiffs to repair their building), Plaintiffs' claim was improperly and unreasonably adjusted. The mishandling of Plaintiffs' claim has also caused a delay in their ability to make necessary repairs to the Property, which has resulted in additional and consequential damages. To date, Plaintiffs have yet to receive the full payment to which they are entitled under the Policy.

16. As detailed in the paragraphs below, USLI wrongfully denied Plaintiffs' claim for repairs to the various parts of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, USLI underpaid some of Plaintiffs' claims by not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

EXHIBIT 2A

17.   To date, USLI continues to delay in the payment for the damages to the property. As such, Plaintiffs have not been paid any amount for the damages to their building.

18.   Defendant USLI failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. USLI's conduct constitutes a breach of the insurance contract between USLI and Plaintiffs.

19.   Defendant Humphreys misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant Humphreys' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

20.   Defendants USLI and Humphreys failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants USLI's and Humphreys' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

21.   Defendants USLI and Humphreys failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendants USLI and

EXHIBIT 2A

Humphreys failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants USLI and Humphreys did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendants USLI's and Humphreys' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

22.   Defendants USLI and Humphreys failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants USLI and Humphreys. Defendants USLI's and Humphreys' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

23.   Defendants USLI and Humphreys refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants USLI and Humphreys failed to conduct a reasonable investigation. Specifically, Defendants USLI and Humphreys performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property. Defendants USLI's and Humphreys' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

EXHIBIT 2A

24.   Defendant USLI failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim. USLI's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

25.   Defendant USLI failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. USLI's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

26.   Defendant USLI failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed, and, to date, Plaintiffs have not received full payment for their claim. USLI's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

27.   From and after the time Plaintiffs' claim was presented to Defendant USLI, the liability of USLI to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, USLI has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance

EXHIBIT 2A

company would have relied to deny the full payment. USLI's conduct constitutes a breach of the common law duty of good faith and fair dealing.

28.    Defendants USLI and Humphreys knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

29.    As a result of Defendants USLI's and Humphreys' wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST HUMPHREYS

#### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

30.    Defendant Humphreys' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under their article are made actionable by TEX. INS. CODE §541.151.

31.    Defendant Humphreys is individually liable for his unfair and deceptive acts, irrespective of the fact he was acting on behalf of USLI, because he is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, USLI plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker,

EXHIBIT 2A

*adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2)
(emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison
Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance
company employee to be a "person" for the purpose of bringing a cause of
action against him or her under the Texas Insurance Code and subjecting
him or her to individual liability)).

32.   Defendant Humphreys' unfair settlement practice, as described above, of
      misrepresenting to Plaintiffs material facts relating to the coverage at issue,
      constitutes an unfair method of competition and an unfair and deceptive act
      or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

33.   Defendant Humphreys' unfair settlement practice, as described above, of
      failing to attempt in good faith to effectuate a prompt, fair, and equitable
      settlement of the claim, even though liability under the Policy is reasonably
      clear, constitutes an unfair method of competition and an unfair and
      deceptive act or practice in the business of insurance. TEX. INS. CODE
      §541.060(a)(2)(A).

34.   The unfair settlement practice of Defendant Humphreys, as described above,
      of failing to promptly provide Plaintiffs with a reasonable explanation of the
      basis in the Policy, in relation to the facts or applicable law, for the offer of a
      compromise settlement of Plaintiffs' claim, constitutes an unfair method of
      competition and an unfair and deceptive act or practice in the business of
      insurance. TEX. INS. CODE §541.060(a)(3).

EXHIBIT 2A

35.   Defendant Humphreys' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

36.   Defendant Humphreys' unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, including completely missing damages to portions of the roof, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## CAUSES OF ACTION AGAINST USLI ONLY

37.   Defendant USLI is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

## BREACH OF CONTRACT

38.   Defendant USLI's conduct constitutes a breach of the insurance contract made between USLI and Plaintiffs.

39.   Defendant USLI's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of USLI's insurance contract with Plaintiffs.

Page 10

EXHIBIT 2A

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

40.    Defendant USLI's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

41.    Defendant USLI's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

42.    Defendant USLI's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though USLI's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

43.    Defendant USLI's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

44.    Defendant USLI's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method

**EXHIBIT 2A**

of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

45.     Defendant USLI's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

46.     Defendant USLI's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

47.     Defendant USLI's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

48.     Defendant USLI's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

49.     Defendant USLI's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

EXHIBIT 2A

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

50.   Defendant USLI's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

51.   Defendant USLI's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although at that time USLI knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

52.   Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

## DAMAGES

53.   Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

54.   As previously mentioned, the damages caused by the storm have not been properly addressed or repaired in the time since the event, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant USLI's and Humphreys' mishandling of Plaintiffs' claim in violation of the laws set forth above.

EXHIBIT 2A

55.   For breach of contract, Plaintiffs are entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

56.   For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. TEX. INS. CODE §541.152.

57.   For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

58.   For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

59.   For the prosecution and collection of their claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation

EXHIBIT 2A

and trial of their action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

### JURY DEMAND

60.   Plaintiffs hereby request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Tarrant County, Texas.

### WRITTEN DISCOVERY

### REQUESTS FOR DISCLOSURE

61.   Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants United States Liability Insurance Company and Jeffrey Humphreys are requested to disclose, within 50 days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of their case, for all costs of Court on their behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled. In accordance with Rule 47 of the Texas Rules

**EXHIBIT 2A**

of Civil Procedure, Plaintiff seeks monetary relief over $100,000 but not more than $200,000.

Respectfully submitted,

CARRIGAN & ANDERSON, PLLC

/s/David M. Anderson
**David M. Anderson**
State Bar No. 24064815
**Stephen P. Carrigan**
State Bar No. 03877000
101 N. Shoreline Blvd., Suite 420
Corpus Christi, Texas  78401
(361) 884-4433 (Office)
(361) 884-4434 (Facsimile)
danderson@ccatriallaw.com
scarrigan@ccatriallaw.com

ATTORNEYS FOR PLAINTIFFS

Page 16

EXHIBIT 2A